LAW OFFICES

# KARPFROSH
# LAPIDUS, WIGODSKY & NORWIND, P.A.

Suite 250
1133 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 822-3777
FAX (202) 822-9722

Suite 200
2273 Research Blvd.
Rockville, MD 20850
(301) 948-3800
FAX (301) 948-5449

*Reply to:*
*Rockville Office*

Ronald A. Karp
Lawrence S. Lapidus
Brian E. Frosh
Jeffrey A. Wigodsky
Edward L. Norwind
J. Philip Kessel
Jack A. Gold
Annie P. Kaplan

Richard T. Tomar
   Chair, Commercial Litigation

Kenneth Braunstein
Lori S. Rothfeld
Murray D. Scheel
Roger P. Manno

OF COUNSEL
Maurice I. Burstein
Sander M. Davidson
Herbert "Chris" Gordon
Steven VanGrack
Michael L. Subin
Elliot B. Adler
David Applestein
William G. Applestein
James C. "Beau" Brincefield, Jr.
Joel M. Finkelstein
Fred B. Goldman
John P. Kudel
Walter A. Oleniewski
Andrew B. Schulwolf
W. Scott Sonntag

* *District of Columbia Bar*
▼ *Maryland Bar*
° *Virginia Bar*
‡ *Pennsylvania Bar*
✓ *New York Bar*
● *New Jersey Bar*

ADDITIONAL OFFICES:

Bethesda, MD

Baltimore, MD

Frederick, MD

Alexandria, VA

WEBSITE
www.karpfrosh.com

January 7, 2008

The Honorable Richard Roberts
United States District Court
for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Re:   *Giron v. McFadden*
      Civil Case No. 1:07-cv-00425

Dear Judge Roberts:

Please accept this letter as the Joint Rule 16.3(c) Report submitted on behalf of the Plaintiff, Robert Giron, and Defendant, David McFadden, pursuant to the Standing Order of this Court.

The attorneys for the parties have conferred as required by the Standing Order. The plaintiff has provided a complete copy of medical reports and bills related to this incident to the attorney for the defendant as of this time. The parties agree that this matter cannot be completely resolved by a dispositive motion.

The parties agree that no other parties need be joined to the litigation.

The plaintiff is willing to have this case assigned to a Magistrate Judge for all purposes, including trial, but the defendant cannot so agree at this point in time, but will consider this again once disclosures have been made.

The parties do not know whether there is a realistic possibility of settling this case at this time, but believe that further information is necessary to explore that possibility.

LAW OFFICES

# KARP FROSH
## LAPIDUS, WIGODSKY & NORWIND, P.A.

The parties agree that this case would be appropriate for submission to a Magistrate for a settlement conference, once discovery has been completed.

The parties are willing to make the disclosures required by Rule 26(a)(1). As stated previously, the plaintiff has begun these disclosures by forwarding all medical records and bills.

The attorneys would anticipate the need for the depositions of the plaintiff and defendant, and the defendant anticipates the need for an independent medical examination of the plaintiff.

The parties believe that discovery can be completed within 120 days of the scheduling hearing.

The parties do not anticipate calling any expert witnesses, other than the treating physicians and the physician who performs the independent medical examination for the defendant.

The plaintiff would anticipate taking a *de bene esse* video depositions of his treating physicians who will testify as experts, if the treating physician(s) are not available on the trial date, but the defendant is not certain whether a defense medical expert will appear at the trial, or whether a video deposition will be taken of that doctor as well.

The parties agree that this matter does not need to be bifurcated.

A pretrial conference should be scheduled in this matter 180 days after the scheduling hearing, and the parties believe that a firm trial date should be scheduled 60-90 days after the pretrial conference.

The parties are not aware of any other matter which should be included in a scheduling order.

Unless otherwise advised, the parties will appear for an initial status hearing as scheduled for January 8, 2008, at 11:00 A.M.

LAW OFFICES

# KARP FROSH
## LAPIDUS, WIGODSKY & NORWIND, P.A.

Thank you for your consideration.

Respectfully submitted,

Lawrence S. Lapidus
KARP, FROSH, LAPIDUS, WIGODSKY
 & NORWIND, P.A.
1133 Connecticut Avenue, NW
Suite 250
Washington, D.C. 20036
202-822-3777

Attorney for Plaintiff

Thomas A. Medford, Jr.
7474 Greenway Center Drive
Suite 500
Greenbelt, MD 20720
(301) 982 – 8600

Attorney for Defendant