UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT GIRON**                         :
                                         :
      Plaintiff,                   :
                                         :
v.                                       : Case No.: 07CV00425
                                         :
**DAVID McFADDEN**                       :
                                         :
      Defendant.                   :

### CONSENT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, Robert Giron, hereby moves this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and LCvR 7(i) and LCvR 15.1 of the Local Rules of the United States District Court for the District of Columbia, for Leave to Amend the Complaint by filing the Amended Complaint, appended hereto as <u>exhibit A</u>. Plaintiff respectfully request that this Court grant leave to file the Amended Complaint because it will allow for the inclusion of the Plaintiff's Underinsured Motorist Benefit Protection Coverage (UIM) carrier, GEICO to participate, and would not substantially delay the progress of this case, nor cause any prejudice. Defendant consents to this motion. In support thereof, a <u>Memorandum</u> is appended.

                                            Respectfully submitted,

                                            /s/ Lawrence S. Lapidus

                                            Lawrence S. Lapidus, Federal Bar No.: 02922
                                            **KARP, FROSH, LAPIDUS, WIGODSKY**
                                            **& NORWIND, P.A**
                                            1133 Connecticut Avenue, NW
                                            12th Floor
                                            Washington, D.C. 20036
                                            (202) 719-8945

                                            Attorneys for Plaintiff

## PLAINTIFF'S STATEMENT OF POINTS AND AUTHOIRTIES IN SUPPORT OF CONSENT MOTION FOR LEAVE TO AMEND THE COMPLAINT

In support of this motion the Plaintiff states as follows:

1. Plaintiff seeks to amend the Complaint in order to add one additional party, GEICO, the Plaintiff's Underinsured Motorist Benefit Protection Coverage (UIM) carrier. The identity of the Plaintiff's insurance carrier is known to Defendant.

2. Plaintiff and his counsel only recently received information that Defendant's insurance policy limits are $100,000. Because Plaintiff's injuries, related medical bills, legal fees and costs are extensive and will exceed Defendant's policy limits, Plaintiff moves to add GEICO as an additional Defendant in this action.

3. With the inclusion of this additional party, Plaintiff will be able to seek full satisfaction for all related injuries from all relevant parties to this action.

4. Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." *See* FED. R. CIV. P. (15)(a); *see also Davis v. Liberty Mutual Ins. Co.*, 871 F.2d 1134, 1136 (D.C.Cir.1989) ("Rule 15 embodies a generally favorable policy toward amendments"). A court would be abusing its discretion if it denies leave to amend *unless* there is a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The Supreme Court has explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

5. The proposed Amendment is neither a surprise nor the result of the Plaintiff's undue delay, as stated *supra*, and as evidenced by Defendant's consent.

6. The proposed Amendment is not futile because it corrects a critical omission in Plaintiff's complaint which could not have been identified but for the recently-discovered information on Defendant's liability coverage limits.

7. The proposed Amendment contains only the name of one additional party that would have been improper to add without actual knowledge that Defendant lacked sufficient liability coverage.

8. Finally, pursuant to this Consent Motion, Defendant does not claim that the proposed Amendment would prejudice it, nor would it, as evidenced by Defendant's consent.

For the forgoing reasons, Plaintiff respectfully requests that this Court enter an Order Granting its Consent Motion for Leave to File Plaintiff's Amended Complaint, attached hereto as exhibit "A", deeming the Amended Complaint filed as of the date of the Order and granting any additional relief as this Court deems just and proper.

Respectfully submitted,

Lawrence S. Lapidus, Federal Bar No.: 02922
**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A**
1133 Connecticut Avenue, NW
12th Floor
Washington, D.C. 20036
(202) 719-8945

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT GIRON**                                :
                                                 :
      Plaintiff,       :
                                                 :
v.                                               : Case No.: 07CV00425
                                                 :
**DAVID McFADDEN**                              :
                                                 :
      Defendant.      :

## ORDER

Plaintiffs' Consent Motion for Leave to File Amended Complaint be and hereby is GRANTED. The Amended Complaint is appended to the plaintiff's motion be and hereby is deemed filed as of the date of this Order.

                                                        Richard W. Roberts
                                                        Judge, United States District Court

Dated: _____.

**CERTIFICATE OF SERVICE**

      This certifies that I caused a true and correct copy of Plaintiff's Consent Motion for Leave to File Amended Complaint, including Plaintiff's Statement of Points and Authorities in Support of Consent Motion for Leave to Amend the Complaint, the proposed Amended Complaint and a proposed <u>Order</u> to be served on May 27, 2008, by First Class U.S. mail, postage prepaid to:

Thomas A. Medford, Jr. Esquire
7474 Greenway Center Dr.
Suite 500
Greenbelt, MD 20720

_____
Lawrence S. Lapidus

UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT GIRON**  :
5200 North First Street  :
Arlington, Virginia 2223  :
  :
      Plaintiff,  :
  :
v.  : Case No.: 07CV00425
  :
**DAVID McFADDEN**  :
157 Gateshead Way  :
Phoenixville, Pennsylvania, 19464  :
  :
      and  :
  :
**GEICO**  :
5260 Western Avenue  :
Chevy Chase, Maryland 20815  :
  :
      Defendants.  :



## AMENDED COMPLAINT

COMES NOW the Plaintiff, Robert Giron, by and through his attorneys, Lawrence S. Lapidus and the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., and respectfully represents to this Honorable Court as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is founded upon 28 U.S.C. §1332, in that Plaintiff and Defendants are domiciled in different States and the amount in controversy exceeds $75,000.

2.    Venue is appropriate in this federal district since the cause of action arose in the District of Columbia, as set forth below.

### Parties

3.    Plaintiff Professor Robert Giron, is domiciled in the Commonwealth of Virginia.

4. Defendant David McFadden, is domiciled in the Commonwealth of Pennsylvania.

5. Defendant, GEICO, is a corporation organized under the laws of Maryland and headquartered in the State of Maryland.

## Facts Applicable To All Counts

6. On or about October 9, 2004, a vehicle owned and operated by the plaintiff, Professor Robert Giron, was stopped at a red light while traveling eastbound on New York Avenue at the intersection with Montana Avenue, N.E., in Washington, D.C.

7. At said time and place, a vehicle owned and operated by defendant, David McFadden, was proceeding behind plaintiff on New York Avenue.

8. At said time and place, defendant David McFadden, was negligent and careless in the operation of his vehicle and collided into the rear of the vehicle operated by the plaintiff. In doing so, defendant violated the motor vehicle regulations in the District of Columbia.

9. As a direct and proximate result of defendant McFadden's negligence, plaintiff Robert Giron suffered bodily injury and attendant losses and damages as outlined below.

10. At the time of the accident, the vehicle operated by defendant David McFadden did not provide adequate coverage for the claims asserted by the plaintiff and therefore, was and remains underinsured.

## COUNT I

### (Vehicular Negligence)

11. All of the above allegations are incorporated herein by reference.

12. As a proximate result of defendant David McFadden's aforesaid negligence, plaintiff sustained permanent bodily injuries which include but are not limited to a herniated disk at L4-5; plaintiff incurred expenses for medical care, surgery, hospitalization, and physical therapy; plaintiff lost time and money from his employment as a college professor; plaintiff has been unable to pursue and will in the future be unable to pursue various avocations; plaintiff sustained pain, suffering, and discomfort; plaintiff lost the benefit of his own household services, he has lost income and benefits of his employment as a college professor; he has been inconvenienced and otherwise injured and damaged. Plaintiff's injuries are of a permanent nature.

**WHEREFORE**, the premises considered, the plaintiff demands judgment against defendant McFadden for Five Hundred Thousand Dollars ($500, 000).

## COUNT II

### (Breach of Contract - Underinsured Motorist Benefit Protection Coverage (UIM))

13. At the time of the accident, the plaintiff had in force a policy of automobile insurance issued by the Defendant, GEICO. Said policy of insurance contained a provision for Underinsured Motorist Benefit Protection Coverage (UIM) which provided, among other things, $ 300,000 in coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by other parties, where that party's automobile liability coverage is inadequate, as it is here, to cover all of the plaintiff's damages..

14. Upon information and believe, defendant GEICO provided UIM coverage at the time of the aforesaid collision to the plaintiff in the amount of Three Hindered Thousand Dollars ($300,000), whereas defendant McFadden's policy limits are only One Hundred Thousand Dollars ($100,000).

15. Plaintiff's damages including his non-economic damages resultant from defendant McFadden's negligence exceed the $100,000 policy limits of defendant Mc Fadden's policy.

16. It is anticipated that GEICO will not offer the plaintiff's UIM policy limits even if the judgment exceeds $100,000.

WHEREFORE the premises considered, plaintiff demands judgment against defendant GEICO for $200, 000.

Respectfully Submitted,

Lawrence S. Lapidus, Federal Bar No.: 02922
KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A
1133 Connecticut Avenue, NW
12th Floor
Washington, D.C. 20036
(202) 719-8945

Attorneys for Plaintiff