## UNITES STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROBERT GIRON**  :
5200 North First Street  :
Arlington, Virginia 2223  :
                                :
       Plaintiff,  :
                                :
    v.  : Case No.: 07CV00425
                                :
**DAVID McFADDEN**  :
157 Gateshead Way  :
Phoenixville, Pennsylvania, 19464  :
                                :
       and  :
                                :
**GEICO**  :
5260 Western Avenue  :
Chevy Chase, Maryland 20815  :
                                :
       Defendants.  :



PLAINTIFF'S EXHIBIT A

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Robert Giron, by and through his attorneys, Lawrence S. Lapidus and the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., and respectfully represents to this Honorable Court as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is founded upon 28 U.S.C. §1332, in that Plaintiff and Defendants are domiciled in different States and the amount in controversy exceeds $75,000.

2.    Venue is appropriate in this federal district since the cause of action arose in the District of Columbia, as set forth below.

**Parties**

3.    Plaintiff Professor Robert Giron, is domiciled in the Commonwealth of Virginia.

4.  Defendant David McFadden, is domiciled in the Commonwealth of Pennsylvania.

5.  Defendant, GEICO, is a corporation organized under the laws of Maryland and headquartered in the State of Maryland.

## Facts Applicable To All Counts

6.  On or about October 9, 2004, a vehicle owned and operated by the plaintiff, Professor Robert Giron, was stopped at a red light while traveling eastbound on New York Avenue at the intersection with Montana Avenue, N.E., in Washington, D.C.

7.  At said time and place, a vehicle owned and operated by defendant, David McFadden, was proceeding behind plaintiff on New York Avenue.

8.  At said time and place, defendant David McFadden, was negligent and careless in the operation of his vehicle and collided into the rear of the vehicle operated by the plaintiff. In doing so, defendant violated the motor vehicle regulations in the District of Columbia.

9. As a direct and proximate result of defendant McFadden's negligence, plaintiff Robert Giron suffered bodily injury and attendant losses and damages as outlined below.

10. At the time of the accident, the vehicle operated by defendant David McFadden did not provide adequate coverage for the claims asserted by the plaintiff and therefore, was and remains underinsured.

## COUNT I

### (Vehicular Negligence)

11. All of the above allegations are incorporated herein by reference.

12. As a proximate result of defendant David McFadden's aforesaid negligence, plaintiff sustained permanent bodily injuries which include but are not limited to a herniated disk at L4-5; plaintiff incurred expenses for medical care, surgery, hospitalization, and physical therapy; plaintiff lost time and money from his employment as a college professor; plaintiff has been unable to pursue and will in the future be unable to pursue various avocations; plaintiff sustained pain, suffering, and discomfort; plaintiff lost the benefit of his own household services, he has lost income and benefits of his employment as a college professor; he has been inconvenienced and otherwise injured and damaged. Plaintiff's injuries are of a permanent nature.

**WHEREFORE**, the premises considered, the plaintiff demands judgment against defendant McFadden for Five Hundred Thousand Dollars ($500, 000).

## COUNT II

### (Breach of Contract - Underinsured Motorist Benefit Protection Coverage (UIM))

13. At the time of the accident, the plaintiff had in force a policy of automobile insurance issued by the Defendant, GEICO. Said policy of insurance contained a provision for Underinsured Motorist Benefit Protection Coverage (UIM) which provided, among other things, $ 300,000 in coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by other parties, where that party's automobile liability coverage is inadequate, as it is here, to cover all of the plaintiff's damages..

14. Upon information and believe, defendant GEICO provided UIM coverage at the time of the aforesaid collision to the plaintiff in the amount of Three Hindered Thousand Dollars ($300,000), whereas defendant McFadden's policy limits are only One Hundred Thousand Dollars ($100,000).

15. Plaintiff's damages including his non-economic damages resultant from defendant McFadden's negligence exceed the $100,000 policy limits of defendant Mc Fadden's policy.

16. It is anticipated that GEICO will not offer the plaintiff's UIM policy limits even if the judgment exceeds $100,000.

WHEREFORE the premises considered, plaintiff demands judgment against defendant GEICO for $200, 000.

Respectfully Submitted,

_____
Lawrence S. Lapidus, Federal Bar No.: 02922
KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A
1133 Connecticut Avenue, NW
12th Floor
Washington, D.C. 20036
(202) 719-8945

Attorneys for Plaintiff