IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GIRON<br>5200 North First Street<br>Arlington, VA 22203<br><br>    Plaintiff<br><br>v.<br><br>DAVID MCFADDEN<br>490 Byers Road<br>Chester Springs, PA 19425<br><br>And<br><br>GEICO<br>5260 Western Avenue<br>Chevy Chase, Maryland 20815<br><br>    Defendant | Civil Action No: 1:07CV00425 |

## ANSWER TO AMENDED COMPLAINT

COMES now the Defendant David McFadden, by and through his attorney, Thomas A. Medford, Jr., in answer to the Plaintiff's Amended Complaint states as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a cause of action against Defendant, McFadden upon which relief may be granted.

### SECOND DEFENSE

1. Defendant McFadden admits the existence of the statute cited in Paragraph 1 of the Amended Complaint, is presently without knowledge or information sufficient to form a belief as to whether the amount in controversy exceeds $75,000 and denies that this Court has jurisdiction solely by reason thereof.

2 & 3. Defendant McFadden is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2 and 3 of the Amended Complaint.

4. Defendant McFadden admits the allegations contained in Paragraph 4 of the Amended Complaint.

5, 6 & 7.    Defendant McFadden is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5 through 7 of the Amended Complaint.

8.    Defendant McFadden denies the allegations of negligence and carelessness in Paragraph 8 of the Amended Complaint and is presently without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained therein. Defendant McFadden further asserts that he admits that he, like all drivers in the District of Columbia has a duty to follow the rules of the road and respectfully submits that he did at all times relevant to the incident that gave rise to the case at bar.

9.    Defendant McFadden denies the allegations of negligence contained in Paragraph 9 of the Amended Complaint and further submits that he is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein.

10.    Defendant McFadden is presently without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

## COUNT I

11.    Defendant McFadden's responses to Paragraphs 1 through 10 of the Amended Complaint are incorporated by reference as if full set forth herein.

12.    Defendant McFadden is presently without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 12 of Count I of the Amended Complaint.

## COUNT II

13, 14, 15 & 16.    Defendant McFadden is presently without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraphs 13 through 16 of Count II of the Amended Complaint.

Further answering the Amended Complaint Defendant McFadden denies all allegations of negligence, carelessness and other improper conduct and further denies all allegations not

specifically answered or otherwise responded to.

### THIRD DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense of contributory negligence should discovery disclose a basis therefor.

### FOURTH DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense of assumption of risk should discovery disclose a basis therefor.

### FIFTH DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense that the Amended Complaint is barred by the Statute of Limitations should discovery disclose a basis therefor.

### SIXTH DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense of unavoidable accident should discovery disclose a basis therefor.

### SEVENTH DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense that if the Plaintiff was injured as alleged in the Amended Complaint, such injuries were the result of the negligence of a person or persons not a party to the case at bar should discovery disclose a basis therefor.

### EIGHTH DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense that the injuries alleged by the Plaintiff were not casually related to the collision complained of should discovery disclose a basis therefor.

### NINTH DEFENSE

Defendant McFadden respectfully reserves the right to assert the affirmative defense that the Plaintiff was not injured in the nature or to the extent claimed in the Amended Complaint should discovery disclose a basis therefor.

## TENTH DEFENSE

Defendant McFadden respectfully reserves the right to assert those defenses which may become known as a result of discovery in this matter.

WHEREFORE, the Defendant, David McFadden, requests that Plaintiff's Amended Complaint in this action be dismissed with prejudice with costs, attorney's fees, and interest as provided by law assessed against the Plaintiff and that Defendant McFadden be granted such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____
Thomas A. Medford, Jr. #238154
Attorney for Defendant McFadden
7474 Greenway Center Drive
Suite 500
Greenbelt, MD 20770
(301)982-8600

## PRAYER FOR JURY TRIAL

Defendant McFadden requests a jury trial of eight (8) persons on all issues herein.

_____
Thomas A. Medford, Jr. #238154
Attorney for Defendant McFadden
7474 Greenway Center Drive
Suite 500
Greenbelt, MD 20770
(301)982-8600

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 1st day of July, 2008, a copy of the foregoing Answer to Amended Complaint, was mailed, postage prepaid, to **Lawrence S. Lapidus, Esquire**, 1370 Piccard Drive, Suite 290, Rockville, MD 20850, Attorney for Plaintiff and **Judd Rafey, Esquire**, 962 Wayne Avenue, Suite 200, Silver Spring, Maryland 20910, Attorney for Co-Defendant GEICO.

_____
Thomas A. Medford, Jr., Esquire