IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GIRON<br>5200 North First Street<br>Arlington, VA 22203<br><br>    Plaintiff<br><br>v.<br><br>DAVID MCFADDEN<br>490 Byers Road<br>Chester Springs, PA 19425<br><br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No: 1:07CV00425<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER TO CROSS-CLAIM OF DEFENDANT GEICO

COMES now the Defendant David McFadden, by and through his attorney, Thomas A. Medford, Jr., in answer to Co-Defendant GEICO's Cross-Claim states as follows:

### FIRST DEFENSE

The Cross-Claim fails to state a cause of action against Defendant, McFadden upon which relief may be granted.

### SECOND DEFENSE

6.    Defendant McFadden denies the allegation of negligence contained in Paragraph 1 of Defendant GEICO's Cross-Claim.

Further answering the Complaint the Defendant denies all allegations of negligence, carelessness and other improper conduct and further denies all allegations not specifically answered or otherwise responded to.

### THIRD DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense of contributory negligence should discovery disclose a basis therefor.

### FOURTH DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense of assumption

of risk should discovery disclose a basis therefor.

### FIFTH DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense that the Complaint is barred by the Statute of Limitations should discovery disclose a basis therefor.

### SIXTH DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense of unavoidable accident should discovery disclose a basis therefor.

### SEVENTH DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense that if the Plaintiff was injured as alleged in the Complaint, such injuries were the result of the negligence of a person or persons not a party to the case at bar should discovery disclose a basis therefor.

### EIGHTH DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense that the injuries alleged by the Plaintiff were not casually related to the collision complained of should discovery disclose a basis therefor.

### NINTH DEFENSE

Defendant respectfully reserves the right to assert the affirmative defense that the Plaintiff was not injured in the nature or to the extent claimed in the Complaint should discovery disclose a basis therefor.

### TENTH DEFENSE

Defendant respectfully reserves the right to assert those defenses which may become known as a result of discovery in this matter.

WHEREFORE, the Defendant, McFadden, requests that Plaintiff's Complaint in this action be dismissed with prejudice with costs, attorney's fees, and interest as provided by law assessed against the Plaintiff and that the Defendant be granted such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____
Thomas A. Medford, Jr. #238154
Attorney for Defendant McFadden
7474 Greenway Center Drive
Suite 500
Greenbelt, MD 20770
(301)982-8600

3

## PRAYER FOR JURY TRIAL

Defendant requests a jury trial of eight (8) persons on all issues herein.

 

 

_____
Thomas A. Medford, Jr. #238154
Attorney for Defendant McFadden
7474 Greenway Center Drive
Suite 500
Greenbelt, MD 20770
(301)982-8600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 1st day of July, 2008, a copy of the foregoing Answer to Cross-Claim was mailed, postage prepaid, to **Lawrence S. Lapidus, Esquire**, 1370 Piccard Drive, Suite 290, Rockville, MD 20850, Attorney for Plaintiff and **Judd Rafey, Esquire**, 962 Wayne Avenue, Suite 200, Silver Spring, Maryland 20910, Attorney for Co-Defendant GEICO.

 

_____
Thomas A. Medford, Jr., Esquire