# TIMOTHY S. SMITH & ASSOCIATES

ATTORNEYS AT LAW

**Employees of The Corporate Law Department**
**State Farm Mutual Automobile Insurance Company**

7474 Greenway Center Drive
Suite 500
Greenbelt, Maryland 20770

Telephone:  (301) 982-8600
Within MD:  (800) 237-0054
Facsimile:  (301) 982-8681

Timothy S. Smith ♦ §
Thomas A. Medford, Jr. ♦ §
James S. Livio ♦ §
Giancarlo M. Ghiardi ♦ §
Maurice Jagne-Shaw ♦ §
Andrea J. Peters ♦ §
Lynn Zahurak Ahlers ♦
Maria K. Patterson ♦ §

Neil Dachis ♦ §
Jeremy W. Ransone ♦
Alexander Williams, III ♦
Jennifer S. Lancaster ♦ §
Charles W. Brumskine ♦ §
Mia-Len Woodard ♦
Jody R. Pearlman ♦

♦ Admitted to practice in Maryland
§ Admitted to practice in the
   District of Columbia

July 2, 2008

The Honorable Richard Roberts
United States District Court
for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

     Re: Giron v. McFadden, et al.
     Civil No.1:07CV00425

Dear Judge Roberts:

Please accept this letter as the Joint Rule 16.3(c) Report submitted on behalf of the Plaintiff, Robert Giron, and Defendants, David McFadden and Government Employees Insurance Company (GEICO), pursuant to the Standing Order of this Court and have conferred concerning the status of the case at bar.

The parties note that defendants McFadden's answer to the amended complaint and answer to defendant GEICO's cross-claim have been filed.

The parties agree that this matter cannot be completely resolved by a dispositive motion.

It is the plaintiff's position that the negligence of the defendant is clear in this matter.  Defendant McFadden respectfully submits that he was not negligent in connection with the incident that gave rise to the case at bar.  Defendant GEICO respectfully submits that it is not indebted to the plaintiff as alleged in the amended complaint.

The parties agree that based on the current state of the record no other parties need be joined to the litigation.

All counsel have conferred and are in agreement to have this case assigned to a Magistrate Judge for all purposes, including trial,

The parties do not know whether there is a realistic possibility of settling this case at this time, but believe that further information is necessary.

The parties agree that this case would be appropriate for submission to a Magistrate for a settlement conference, once discovery has been completed.

The parties have agreed to take the depositions of the plaintiff and defendant McFadden on July 8, 2008 in the office of plaintiff's counsel. Additionally defendant McFadden anticipates the need for an independent medical examination of the plaintiff by an orthopedic surgeon and/or a neurosurgeon.

That pursuant to the consultation between counsel they believe that discovery can be completed by September 15, 2008.

The parties do not anticipate calling any expert witnesses, other than the treating physicians and the physician who performs the independent medical examination for the defendant. The plaintiff does respectfully reserve the right to present the testimony of an economist on the issue of damages at any trial of the case at bar.

The plaintiff would anticipate taking a *de bene esse* video depositions of his treating physicians who will testify as experts. The defendants have expressed a preference to presenting expert testimony livr but respectfully reserve the right to present defense medical expert testimony via video deposition should scheduling difficulties arise.

The parties agree that this matter does not need to be bifurcated.

The parties are not aware of any other matter which should be included in a scheduling order.

                Respectfully submitted,

                _____
                Thomas A. Medford, Jr. #238154
                Attorney for Defendant McFadden
                7474 Greenway Center Drive
                Suite 500
                Greenbelt, MD 20770
                (301)982-8600