UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT GIRON,

    Plaintiff,

    v.

DAVID MCFADDEN,

    Defendant.

Civil Action No. 07-0425
DAR

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion for New Trial "pursuant to Rule 59" of the Federal Rules of Civil Procedure (Document No. 50) is pending for determination by the undersigned. Plaintiff, through his counsel, advances but two grounds for the relief which he seeks. First, Plaintiff maintains that "[t]he jury's verdict . . . was a seriously erroneous result given the undisputed evidence that the subject accident . . . caused at least *some* injury and damages[,]" (Plaintiff's Motion for New Trial at 5) and that "[t]he only plausible explanations for the verdict are that the jury did not comprehend the Court's instruction with regard to proximate cause or the jury allowed an improper factor to influence its deliberations and decision[]" *(id.* at 7). Second, Plaintiff hypothesizes that "[s]ince the jury also heard testimony regarding Plaintiff's homosexual lifestyle, the potential for bias, passion or prejudice against Plaintiff may explain the jury's finding with regard to the issue of proximate cause." *Id.*[1] Plaintiff does not refer at all to

---

[1] The "testimony regarding Plaintiff's homosexual lifestyle" was offered entirely by Plaintiff.

the trial transcript; indeed, there is no indication in the ECF records that Plaintiff, in the intervening months, ever ordered it.[2]

Defendant opposes Plaintiff's motion, and submits that "the verdict returned by the jury in regard to damages was a just and proper verdict, [and] was not the result of sympathy, passion or prejudice[.]" Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for a New Trial ("Defendant's Opposition") (Document No. 51) at 4. Defendant observes that during the trial, Defendant offered the testimony of the physician who conducted an independent medical examination of Plaintiff, and who opined, *inter alia,* that Plaintiff had no permanent injury as a result of the collision which was the subject of this action. *Id.* at 1-2. Defendant suggests that "the jury in considering . . . the testimonies of both of those [board] certified doctors could have easily found that the evidence was in fact balanced and [that] Plaintiff failed to meet his burden of proof." *Id.* at 3-4.[3]

**DISCUSSION**

Rule 59 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). Generally, a new trial should be granted "only where the court is

---

[2] Plaintiff includes as an exhibit to the motion the transcript of the *de bene esse* deposition of the orthopedic surgeon to whom he was referred by his primary care physician. The orthopedic surgeon assigned Plaintiff a 20% disability rating, and opined that said disability was caused solely by the automobile accident which was the subject of this action, and not a later slip-and-fall. *Id.* at 2-3.

[3] *See* n.2, *supra.*

convinced the jury verdict was a 'seriously erroneous result' and where the denial of the motion will result in 'a clear miscarriage of justice.'" *Martinez v. District of Columbia,* 503 F. Supp. 2d 353, 355 (D.D.C. 2007) (citing *Nyman v. FDIC*, 967 F. Supp. 1562, 1569 (D.D.C. 1997)) (citations and internal quotations omitted); *see also In re Lorazepam & Clorazepate Antitrust Litig.,* 467 F. Supp. 2d 74, 87 (D.D.C. 2006) ( "Generally, a new trial may only be granted when a manifest error of law or fact is presented."). In the determination of a motion for new trial, "the [trial] court should be mindful of the jury's special function in our legal system and hesitate to disturb its findings." *Martinez,* 503 F. Supp. 2d at 355 (citation and internal quotations omitted); *cf. Czekalski v. LaHood,* 589 F.3d 449, 456 (D.C. Cir. 2009) (the Circuit reviews *de novo* the trial court's denial of a motion for new trial; however, "[t]he jury's verdict stands "unless the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not disagree on the verdict.'") (citation and internal quotations omitted).

Upon consideration of this exacting standard, the undersigned finds that Plaintiff has failed to demonstrate that a new trial is warranted. Without explanation, Plaintiff makes no reference to the trial transcript; instead, he opts to rely solely upon the transcript of the *de bene esse* deposition of his treating physician,[4] and to ignore the testimony of the physician called by Defendant. Accordingly, Plaintiff's claim that at trial he offered "undisputed" evidence that he suffered "at least *some* injury" as a result of the collision which was the subject of this action (*see* Plaintiff's Motion for New Trial at 5; *see also* Plaintiff's Reply to Defendant's Memorandum in

---

[4] *See* n.2, *supra.*

Opposition to Plaintiff's Motion for New Trial (Document No. 52) at 2) is entirely unsupported by the record of the trial. *Cf. Martinez,* 503 F. Supp. 2d at 354, n.1 (after the plaintiffs timely filed a motion for new trial, trial court ordered them "to resubmit their [m]otion . . . with transcript references[.]").[5]

The undersigned finds that Plaintiff's suggestion that one "plausible explanation[]" for the award of no damages is that "the jury did not comprehend the Court's instruction with regard to proximate cause" (*see* Plaintiff's Motion for New Trial at 7) is equally specious: Plaintiff neither identifies the instruction about which he complains, nor makes any effort to offer a factual basis in support of his claim that "the jury did not comprehend" unidentified the instruction. To the extent which Plaintiff's claim can be read as a suggestion that an instruction was objectionable, any such suggestion likewise fails: Plaintiff does not indicate that he objected to the instruction during the court's extensive conference regarding the instructions, or at any time thereafter. *Medina v. District of Columbia,* No. 97-594, 2010 WL 2473700, at *14 (D.D.C. June 18, 2010) ("Surely[] [a party] cannot press as grounds for a new trial an objection that it never made at the trial[.]"); *see also* Fed. R. Civ. P. 51 (d)(1)(A) (a party may assign as error "an error in an instruction actually given, if that party properly objected[.]"); *cf. Czekalski,* 589 F.3d at 455 ("[A]s long as a district judge's instructions are legally correct . . . [she] is not required to give them in any particular language.") (citation and internal quotations omitted).

---

[5] While the undersigned knows of no authority which expressly holds that a party moving for a new trial pursuant to Rule 59(a) must include the trial transcript, no other means by which a court could assess a claim that a verdict was "against the clear wright of the evidence" is apparent. In the absence of references to the evidence on which the movant relies for that proposition, trial courts would be forced to plumb the depths of their memories, and then substitute their recollections for the evidence offered during the trial. No one can credibly suggest such that a methodology was contemplated by the drafters of Rule 59(a).

Finally, Plaintiff fails to identify the "testimony regarding [his] homosexual lifestyle" which "may" account for the finding of the jury with respect to damages. *See* Plaintiff's Motion for New Trial at 7. The undersigned finds that such claim – unsupported by any factual basis – can only be regarded as rank speculation. In any event, since the testimony to which Plaintiff refers was offered by Plaintiff, such testimony cannot constitute a ground of Plaintiff's Motion for New Trial. *Cf. Medina,* 2010 WL 2473700, at * 14 (admission of evidence to which a party stipulated cannot constitute a ground of a motion for new trial).

**CONCLUSION**

For all of the foregoing reasons, it is, this 15th day of October, 2010,

**ORDERED** that Plaintiff's Motion for New Trial (Document No. 15) is **DENIED.**

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge